UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PERCY LITTLE, JR.                                                                              PLAINTIFF
ADC #124075

V.                          No. 5:18-CV-00020-BRW-JTR

WILLIE TAYLOR, Corporal,
Dub Brassell Detention Center, *et al*.                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Percy Little, Jr. ("Little"), proceeding *pro se*, contends that his constitutional rights were violated during his detention at the W.B. "Dub" Brassell Detention Center ("BDC") on September 15, 2017. Specifically, Little alleges that:

(1) Defendant Corporal Willie Taylor ("Taylor") used excessive force against him; and (2) Defendant Deputy Darinda Smith ("Smith") then forced him to shower in scalding hot water. He further alleges that Defendants Captain Edward Adams ("Adams"), Chief Greg Bolin ("Bolin"), and Jail Administrator Gerald Robinson ("Robinson") violated his constitutional rights by: (1) "ignoring" and failing to respond to his grievances about Taylor's use of excessive force; and (2) failing to investigate or take any corrective action. *See Docs. 2 & 6.*

On June 5, 2018, the Court dismissed: (1) all claims asserted by Little against Defendant Deputy Brown; and (2) all of Little's official capacity claims against all Defendants. *Docs. 7 & 10.*

The remaining Defendants (Taylor, Smith, Adams, Bolin and Robinson) have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Material Facts.[1] *Docs. 23, 24 & 25.* Although notified of his right to file a Response and his own Statement of Disputed Facts, Little has not done so. *See Doc. 26.*

---

[1]Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

Before reaching the merits of Defendants' Motion for Summary Judgment, the Court will summarize the relevant facts, all of which are undisputed.[2]

1. On September 14, 2017,[3] Little was booked into the BDC on misdemeanor charges. *Doc. 2*.

2. After book-in, Defendant Taylor and Deputy Brown took Little to the shower facilities. *Doc. 25, Ex. 1* (Incident Report).

3. Upon arriving at the shower, Taylor gave Little multiple direct orders to remove his clothes so that he could be placed in the shower. Little refused to comply. *Id*.

4. In an effort to get Little to comply, Taylor deployed a single, short burst of pepper spray. *Id*.

5. Brown then took Little to the infirmary where he was examined by a nurse. The medical records reflect that the nurse washed Little's eyes out to remedy

---

[2]Because Little did not respond to Defendants' Motion for Summary Judgment or otherwise contest anything in Defendants' Statement of Facts (*Doc. 25),* all of those facts, which form the basis for their Motion for Summary Judgment, are now deemed to be undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party … fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion."); *Jackson v. Ark. Dep't of Educ. Vocational & Technical Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001) (citing Local Rule 56.1(c) in concluding that the plaintiff "forfeited her ability to contest the facts presented" by defendant by failing to respond to defendant's summary judgment motion).

[3]Little alleges that the incident occurred during book-in on September 15, 2017; however, jail records state that it occurred on September 14. The discrepancy need not be resolved for purposes of this Recommendation.

his report of burning, but otherwise, the nurse noted no distress or other reported injuries. *Doc. 25, Ex. 2* (Medical Records).

    6.    On October 3, 2017, Little filed an inmate grievance in which he wrote:

> On September 15 2017 I was brought to jail by the Pine Bluff police department at or about 5:00 p.m. I was in leg and arm restraints at the time when Corpal [sic] Taylor came and grabbed me out of the car and dragged me to the holding cell. Afterwards Corpal [sic] Taylor came back to the cell, grabbed me again, and sprayed me with his pepper spray for no apparrent [sic] reason. Therefore I am grieving this issue at this time.

*Doc. 25, Ex. 3 at 1* (Inmate Grievance).

    7.    The next day, October 4, 2017, prison officials responded to Little's grievance by stating: "This matter will be looked into." *Id.*

    8.    Defendant Adams, Chief of Security at the BDC, investigated Little's grievance, reviewed the incident report, and spoke to the officers involved. He determined that: (a) Little was visibly high when he was booked into the BDC on September 14, 2017; (b) Little was required, like all detainees arriving at the BDC, to undergo a de-licing process using the shower; (c) Little refused officer orders to remove his clothes to be de-liced; and (d) as a result of Little's refusal to obey orders, a burst of pepper spray was deployed. Adams concluded that the officers involved in the incident followed BDC policy and that no discipline was necessary. *Doc. 25, Ex. 4* (Adams Aff.).

4

9. Little never filed another grievance regarding the issues he complained about during his book-in on September 14, 2017. He also did not follow up with Defendant Adams. *Doc. 25, Ex. 3* (Inmate Grievances).

10. With regard to Little's claim that Smith threw him in a scalding hot shower on September 15, 2017, the BDC's maintenance supervisor, Curtis Marks, has submitted an affidavit in which he explains that it is physically impossible for the water in the showers at BDC "to be turned on high enough to scald anyone." As he explains, the water temperature of the showers is pre-set in the boiler room. The showers are attached to a circulating valve so that, even if a toilet is flushed while the shower is running, the shower temperature will not change. *Doc. 25, Ex. 5* (Marks Aff.).

## II. Discussion

### A. Little's Excessive Force Claim Against Taylor

Claims of excessive force by pretrial detainees are analyzed under an objective reasonableness standard under the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015) (holding that the defendant's subjective state of mind is irrelevant). To prevail on his excessive force claim against Taylor, Little must demonstrate that "the force purposely or knowingly used against him was objectively unreasonable." *Id*. at 2473. When making this determination, the fact finder may consider: (1) "the relationship between the need for the use of

force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting." *Id.*; *Jackson v. Buckman*, 756 F.3d 1060, 1067 (8th Cir. 2014). The "reasonableness" of a use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Conner*, 490 U.S. 386, 396 (1989). Furthermore, a court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Kingsley,* 135 S. Ct. at 2473 (quoting *Bell v. Wolfish,* 441 U.S. 520, 540 (1979).

The undisputed facts demonstrate that Taylor discharged a single burst of pepper spray in an effort to get Little to comply with a direct order. The Court concludes that no reasonable fact finder could conclude that this limited use of force by Taylor violated Little's constitutional rights. *See Burns v. Eaton*, 752 F.3d 1136, 1140 (8th Cir. 2014) ("the few cases where we denied summary judgment in Eighth Amendment excessive force claims based on pepper spraying have involved no warning this force would be used, no apparent purpose other than inflicting pain, use

6

of unnecessary "super-soaker" quantities of the chemical, refusal to allow the victim to wash off the painful chemical for days, and/or use of additional physical force). Accordingly, Taylor is entitled to summary judgment on Little's excessive force claim.

B.    **Little's Cruel and Unusual Punishment Claim Against Smith**[4]

Although the "Constitution does not mandate comfortable prisons," the "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the [cruel and unusual punishment clause of the] Eighth Amendment."[5] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (Eighth Amendment prohibits conditions that involve the "wanton and unnecessary infliction of pain"). To state a viable constitutional claim, a prisoner or a detainee must allege facts demonstrating that: (1) objectively, he suffered a deprivation that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a

---

[4]Defendants contend this claim should be characterized as an excessive force claim, rather than as a conditions of confinement claim. Under either characterization, no reasonable jury could find that Smith exposed Taylor to scalding hot water. Accordingly, the claim fails regardless of how it is legally characterized.

[5]Technically, Little's claims are analyzed under the Fourteenth Amendment's due process clause, instead of the Eighth Amendment's cruel and unusual punishment clause, because he was a pretrial detainee (and not a convicted prisoner) while he was at the BDC. *See Bell*, 441 U.S. at 535. However, the Eighth Circuit applies the same standard to conditions of confinement claims based on either the Fourteenth or Eighth Amendment. *See, e.g., Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005).

7

substantial risk of serious harm" to his health or safety; and (2) subjectively, the defendants were "deliberately indifferent" to the risk of harm posed by the deprivation. *Farmer*, 511 U.S. at 834 & 837.

Defendants have demonstrated that, as a matter of undisputed fact, it was impossible for Smith to turn the water in the shower to a temperature setting that was so hot it could "scald" Little. Thus, no reasonable jury could find that this occurred. Accordingly, Smith is entitled to summary judgment on this claim.

### C. Little's Corrective Inaction Claim Against Adams, Bolin and Robinson

Because Little's underlying claims for constitutional violations against Taylor and Smith fail, his corrective inaction claims against Adams, Bolin and Robinson also fail. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (no liability for corrective inaction when there were no constitutional violations to correct); *Sims v. Lay*, 216 Fed. Appx. 599, 600 (8th Cir. 2007) ("Because this decision in itself did not amount to a constitutional deprivation, there can be no supervisory liability for the decision.").

### III. Conclusion

For the reasons stated above, all of the remaining Defendants in this case are entitled to judgment, as a matter of law, on the claims Little has asserted against them.

IT IS THEREFORE RECOMMENDED THAT the Motion for Summary Judgment filed by Defendants Taylor, Smith, Adams, Bolin and Robinson (*Doc. 23*) be GRANTED and that all of Little's claims against them be DISMISSED, WITH PREJUDICE.

DATED this 23rd day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE